# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JUDY ISAACS, and CRYSTAL DAILEY,**

**Plaintiffs,**

**-vs-**                                              **Case No.  6:07-cv-1898-Orl-22DAB**

**RIVERSIDE MEDICAL ASSOCIATES, PA**
**and  DR. JANET MILEY,**

**Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed

herein:

> **MOTION:**   **JOINT MOTION TO APPROVE THE SETTLEMENT**
> **(Doc. No. 29)**
>
> **FILED:**   **June 25, 2008**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to

determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the

FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

If a settlement is not one supervised by the Department of Labor, the only other route for compromise

of FLSA claims is provided in the context of suits brought directly by employees against their

employer under section 216(b) to recover back wages for FLSA violations. "When employees bring

a private action for back wages under the FLSA, and present to the district court a proposed

settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for

fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90

L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit

brought by employees under the FLSA for back wages because initiation of the action by the

employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their
> rights under the statute. Thus, when the parties submit a settlement to the court for
> approval, the settlement is more likely to reflect a reasonable compromise of disputed
> issues than a mere waiver of statutory rights brought about by an employer's
> overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable
> compromise over issues, such as FLSA coverage or computation of back wages, that
> are actually in dispute; we allow the district court to approve the settlement in order
> to promote the policy of encouraging settlement of litigation.

*Id.*

Although the Court usually convenes a fairness hearing, here, all relevant terms of the

settlement are undisputed and set forth clearly in the motion and the Notice of Settlement (Doc. No.

28). The papers state that Plaintiffs have been paid in full, without compromise.  In fact, with respect

to Plaintiff Isaacs, "Defendant has agreed to pay her more than full compensation of the same,

including liquidated damages. . . " (Doc. No. 29 at 3).  As Plaintiffs will receive full compensation

for their claim, without compromise, no hearing is needed.  Full recompense is *per se* fair and

reasonable.

As for the amount of attorney's fees, in FLSA suits for unpaid minimum wages or unpaid

overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or

plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29

U.S.C. § 216(b).  This provision has been interpreted to mean that "fee awards [are] mandatory for

prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). As the mandatory language of the Act says "in addition to any judgment," a prevailing plaintiff means a plaintiff that has at least obtained a judgment, regardless of the amount of the recovery. Here, as neither side requests entry of a judgment, and the papers reflect that the settlement has already been effectuated, the Court need not enter a judgment. To the extent it is deemed necessary or appropriate, the parties have stipulated to the amount of $3,500 in attorney's fees and $500 in costs and the Court finds this amount to be reasonable.

It is therefore **respectfully recommended** that the motion be **granted,** the settlement be approved and the case be dismissed, with prejudice, accordingly.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 26, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy